**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **DINESH DINESH** | **CIVIL ACTION NO. 1:26-CV-02806 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **MELISSA HARPER ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**MEMORANDUM RULING AND ORDER**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Dinesh Dinesh ("Dinesh"), an immigration detainee at Winn Correctional Center in Winnfield, Louisiana. ECF No. 1-2 at 6. The Government filed a Response (ECF No. 8) and a supplemental Response (ECF No. 10).

After careful consideration of the record, the parties' memoranda, and the applicable law, the Petition is GRANTED.

## I. Background

Dinesh is a native and citizen of India who entered the United States on or about October 31, 2022, near Calexico, California, where he was detained by Border Patrol. ECF No. 1 at 2; ECF No. 8-1 at 2. On November 6, 2022, the Department of Homeland Security ("DHS") served Dinesh with a Notice to Appear ("NTA") charging that he was present in the United States without admission or parole, in violation of INA § 212(a)(6)(A)(i), and released him on a Form I-220A, Order of Release on Recognizance ("OREC"). ECF No. 1-2 at 2; ECF No. 10-1 at 2. The OREC states that the release is made "[i]n accordance with section 236 of the [INA] and the

applicable provisions of Title 8 of the Code of Federal Regulations." ECF No. 10-1 at 2.

The OREC required Dinesh to report for immigration hearings or interviews, surrender for removal if ordered, comply with reporting requirements, obtain written permission before changing his residence, and obey federal, state, and local laws. *Id.* Dinesh alleges that he complied with the conditions of his release, including required ICE check-ins. ECF No. 1 at 2. He remained at liberty while his removal proceedings progressed for more than three years and seven months.

On July 4, 2026, Dinesh was detained by local law enforcement in Arkansas.[1] ECF No. 1 at 2. DHS issued a warrant the following day, and Dinesh was transferred to ICE custody. ECF No. 10 at 2.

In its supplemental Response, the Government represents with respect to the OREC:

> This form, at the bottom, also contains provisions for the cancelation of the order which provides two options: (1) revocation due to violation of a condition and (2) revocation for removal. On July 5, 2026, Petitioner's OREC was canceled because the alien was "taken into custody for removal."

*Id.* Although the Government correctly identifies the two cancellation options on the form, the cancellation section of the OREC that it submitted is unexecuted. Neither option is checked, and the cancellation section is not signed or dated. ECF No. 10-1 at 2. Thus, the submitted OREC does not substantiate the Government's

[1] The Government identifies no suspected offense or other basis for taking him into custody that day.

assertion that the order was canceled on July 5, 2026, for removal or for any other reason. *Id.*

The Government asserts that Dinesh had a "master hearing" on October 1, 2026. ECF No. 8-2 at 2; ECF No. 10 at 2. According to the Automated Case Information of the Executive Office for Immigration Review, an individual hearing is scheduled for October 16, 2026.

## II. Law and Analysis

Dinesh argues that: (1) his re-detention without a pre-deprivation hearing or subsequent individualized bond review violates procedural due process; (2) his detention violates substantive due process because the Government has not shown that it serves a legitimate purpose in his circumstances; and (3) his detention is governed by 8 U.S.C. § 1226(a), rather than § 1225(b)(2).

In its original Response, the Government contends that Dinesh is subject to mandatory detention under § 1225(b)(2)(A), relying principally on *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). ECF No. 8. In its supplemental Response, the Government relies on § 1226(b) and 8 C.F.R. § 236.1(c)(9), arguing that DHS has broad discretion to revoke Dinesh's prior release at any time without a showing of changed circumstances or additional procedural safeguards. ECF No. 10.

### A. Statutory Detention Authority

In *Buenrostro-Mendez*, the Fifth Circuit held that noncitizens who entered without inspection and remained present in the United States are applicants for

admission subject to mandatory detention under § 1225(b)(2)(A). Accordingly, *Buenrostro-Mendez* forecloses Dinesh's contention that he is entitled to habeas relief solely because § 1226(a), rather than § 1225(b)(2)(A), governs his custody. That conclusion, however, does not resolve Dinesh's constitutional claim.

### B. <u>Procedural Due Process</u>

The question is whether, after DHS affirmatively processed Dinesh, released him on an OREC, and knowingly permitted him to remain at liberty under conditions of supervision for more than three and a half years, the Fifth Amendment required some individualized process before DHS revoked that liberty and returned him to physical custody.

As this Court has frequently recognized, the question of whether Congress authorized detention under § 1225(b) is analytically distinct from whether the Government may revoke a liberty interest without affording constitutionally adequate process. *See Diallo v. Trump*, 1:25-CV-2012, 2026 WL 1230389 (W.D. La. Mar. 5, 2026); *Kilic v. Acuna*, 1:25-CV-01928, 2026 WL 1652575 (W.D. La. June 8, 2026); *Ghughunishvili v. Trump*, 3:26-CV-00086, ECF No. 13 (W.D. La. Mar. 20, 2026); *Garcia-Gil v. Acuna*, 1:26-CV-00207, ECF No. 10 (W.D. La. April 29, 2026); *Andrade-Cunalata v. Wyatt*, No. 3:26-CV-01155 (W.D. La. July 16, 2026); *Gomez v. Acuna*, No. 1:26-CV-00220, 2026 WL 2111943 (W.D. La. July 22, 2026); *Sonuk v. Acuna*, No. 1:26-CV-01611, 2026 WL 2771703 (W.D. La. Sept. 17, 2026); *Isakova v. South Louisiana ICE Processing Center*, No. 6:26-CV-01481, 2026 WL 2790305 (W.D.

La. Sept. 17, 2026); *Laryea v. Acuna, et al.*, No. 26-CV-209, 2026 WL 2866334, at *2 (W.D. La. Sept. 23, 2026).

Neither *Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103 (2020), *Jennings v. Rodriguez*, 583 U.S. 281 (2018), nor *Buenrostro-Mendez* forecloses Dinesh's constitutional claim. As this Court observed in *Diallo*, those decisions address Congress's statutory detention authority and the scope of constitutional protections afforded applicants for admission, but they do not answer the distinct question whether due process permits the Government to revoke an existing liberty interest without any individualized procedure.

Accordingly, the Court again applies the balancing test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Under *Mathews*, courts consider: (1) the private interest affected; (2) the risk of an erroneous deprivation through the procedures used and the probable value of additional procedural safeguards; and (3) the Government's interests, including the burdens of additional procedures.

**1. Private Interest**

"The interest in being free from physical detention" is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *Martinez v. Noem*, 5:25-CV-1007, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025). Although *Buenrostro-Mendez* establishes that § 1225(b) authorizes mandatory detention, it does not eliminate the private interest that developed after the Government processed Dinesh, affirmatively released him, and knowingly permitted him to remain at liberty under its supervision.

Unlike cases involving individuals who lived in the United States without the Government's knowledge until their eventual apprehension, *see Sosnava-Rodriguez v. Ortega*, 26-50183, 2026 WL 1906557, at *15 (5th Cir. July 2, 2026), *reh'g en banc granted, opinion vacated*, 2026 WL 2014647 (5th Cir. July 10, 2026), Dinesh's re-detention did not arise from the Government's first discovery of his presence in the United States. Rather, DHS encountered him near the border, served him with an NTA, and released him under a Form I-220A expressly issued pursuant to INA § 236 and applicable regulations. ECF No. 1-2 at 2; ECF No. 10-1 at 2. The release order imposed conditions of supervision and required Dinesh to remain in contact with immigration authorities. *Id.* Dinesh alleges that he complied with those requirements. ECF No. 1 at 2. The Government does not contend that Dinesh violated the condition of his release, absconded, or committed a new offense.

Thus, regardless of the precise statutory authority for Dinesh's initial release, DHS affirmatively released him and permitted him to remain at liberty for more than three and a half years before re-detaining him. The first factor favors Dinesh.

**2. Risk of Erroneous Deprivation**

The second *Mathews* factor likewise favors Dinesh. The risk of erroneous deprivation is substantial where the Government revokes an existing conditional liberty without advance notice, an opportunity to respond, or an individualized process. The Government asserts that Petitioner's OREC was canceled because he was "taken into custody for removal." ECF No. 10 at 2. However, the Government's own evidence does not substantiate that assertion. The cancellation section of the

OREC is unexecuted: neither cancellation option is selected, and the section is neither signed nor dated. ECF No. 10-1 at 2. Moreover, Dinesh's removal proceedings remain pending, and the Government identifies no final removal order. Thus, although Dinesh was returned to physical custody, the Government has not produced documentation establishing when, why, or through what procedure his previously authorized release was revoked.

As previously noted, the Government identifies no violation of release conditions as the basis for revocation, no changed circumstances warranting re-detention, and no individualized determination that Dinesh posed a flight risk or danger to the community. Nor does the Government identify any pre-revocation notice, opportunity to be heard, or individualized determination explaining why revocation and immediate detention were warranted.

The Form I-200 administrative arrest warrant likewise does not identify any conduct warranting revocation of Dinesh's release. Rather, it identifies his pending removal proceedings, immigration records, and statements concerning his immigration status as grounds for probable cause to believe he is removable. These circumstances were apparently known to DHS when it initially released Dinesh in November 2022. Although the warrant provides a basis for his immigration arrest, it does not establish that DHS afforded him any individualized process in connection with the revocation of his release.

Furthermore, the Government expressly acknowledges:

> The issuance of an I-200 is a precursor to – not a determination of – the custody classification. Following the arrest, an officer must conduct a

> custody review to determine whether the alien is subject to mandatory detention or is eligible for release on bond/ROR.

ECF No. 10 at 2 n.6. Yet the Government has produced no documentation establishing that such a custody review occurred or identifying the outcome of any review.

The Government relies on § 1226(b) and 8 C.F.R. § 236.1(c)(9), which address the discretionary revocation of release under § 1226. ECF No. 10 at 3. Those authorities may establish that DHS possesses statutory authority to revoke a prior release. *See Laryea*, 2026 WL 2866334, at *3. They do not, however, answer the separate constitutional question of whether, and what, process is due before the Government withdraws a liberty interest that it granted and maintained for an extended period. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (recognizing, in the parole context, that conditional liberty, even when subject to revocation, is a protected liberty interest).

Minimal procedural safeguards could reduce the risk of erroneous deprivation without altering the statutory detention framework. *See Laryea*, 2026 WL 2866334, at *3. Notice of the basis for re-detention and an opportunity to contest the factual predicates for revoking Dinesh's previously granted liberty would provide meaningful protection while leaving the ultimate statutory detention determination intact. *Id.*

Because the Government has not established that Dinesh received any individualized process in connection with the revocation of his Government-granted liberty, the risk of erroneous deprivation weighs in favor of requiring additional procedural safeguards.

### 3. Government's Interest

The Government unquestionably possesses a substantial interest in enforcing the immigration laws enacted by Congress and in detaining those individuals whom Congress has made subject to § 1225(b).

Requiring constitutionally adequate procedures in connection with the revocation of previously granted conditional liberty does not displace or negate § 1225(b)(2)(A). Rather, it requires only that the Government afford constitutionally adequate procedures before withdrawing liberty it has previously conferred. Due process protections remain applicable even when government authorities possess discretion to revoke supervision. *See Mendoza v. Noem*, 823 F. Supp. 3d 636, 649 (W.D. Tex. Feb. 26, 2026); *Lepe Hernandez v. Noem,* 5:26-CV-0694, 2026 WL 990024, at *4 (W.D. Tex. Apr. 13, 2026).

The Government has not shown that providing basic notice and an opportunity to be heard would impose a burden sufficient to outweigh the significant liberty interest at stake and the risk of error from categorical revocation without individualized process.

### 4. Balancing the Factors

Balancing the three *Mathews* factors, the Court concludes that the Government violated Dinesh's procedural due process rights by re-detaining him after more than three and a half years of authorized liberty without establishing that he was afforded constitutionally adequate procedures.

This conclusion is consistent with this Court's prior decisions recognizing that *Buenrostro-Mendez* resolves the statutory question of detention authority, but not the separate constitutional question of whether the Government may revoke an established liberty interest without affording due process. It is also consistent with this Court's prior decisions distinguishing *Sosnava-Rodriguez*. *See Gomez*, 2026 WL 2111943, at *2; *Sonuk*, 2026 WL 2771703, at *2-3; *Isakova*, 2026 WL 2790305, at *3-4; *Laryea* 2026 WL 2866334, at *3.

Because the Court concludes that Dinesh is entitled to relief on his procedural due process claim, it need not address his remaining arguments for release.

## III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Government is ORDERED to release Dinesh from custody within seven days, under appropriate conditions, with his personal property and with advance notice to his counsel.

IT IS FURTHER ORDERED that the parties file a joint notice of compliance with this Order within 24 hours of Dinesh's release.

THUS ORDERED AND SIGNED in Chambers this 19th day of October, 2026.

Jerry Edwards, Jr.

JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE